Daniel, Judge.
 

 The words used by the testator are admitted to be sufficiently comprehensive to carry the land as well as the personal estate to his wife. 1 Brown’s Ch. Ca. 439, 2 Powell on Dev. 180. The dispute is, whether the land, which was occupied by the defendant, at the date of the will and at the death of the testator, passed by the words used by him. The defendant did not, at any time, pretend to hold the land adversely to his father, and, in truth, the defendant’s occupation was, in law, the father’s possession.— The father was authorized bylaw to dispose of it by his last will; and that
 
 he
 
 intended to devise it to his wife for life by the words which he used, we think is rendered still more apparent from the subsequent clauses in his will, relating to the dispositions of the remainders of his real and personal estate. The first is a devise to his two sons, John and Michael; and he gives to them as follows: “The land I am possessed of at my decease, the rights of which (title deeds) are deposited in their mother’s hands, and are to be delivered to them
 
 after their mother’s decease,
 
 or before, if she sees it proper and safe to do so.” This clause shews that the testator did not intend that either the defendant or his brother should have any of his land, until the death of his wife, without her leave. Then comes the clause disposing of the remainder of the personal estate as follows: “ It is my will and desire that after my wife’s decease, that all (except the land and a small specific legacy to his daughter Susannah) the property by her left shall be sold and equally divided among all my children.” It is apparent that the testator did not intend to die intestate as to any portion of his estate; which would necessarily be the case, during the life of the wife at least, as to the land in controversy, if the construe
 
 *248
 
 tion of the will ds to this subject, was to be made as the defendant insists it should be. It is true that when a given subject is devised; and there are found two species of property, the one technically and precisely answering the description in the devise, and the other not so exactly-
 
 answering
 
 that description, the latter will be excluded, though, had there been no other subject upon which the devise could have operated, it might have been held to comprehend it.
 
 2
 
 Pow. on Dev. 196. Il is on the aforesaid doctrine, we suppose, that the defendant resists the plaintiff’s recovery; But the facts of the case, as shewn by the other patts of the will, and the parol evidence, exclude the defendant from the benefit of the rule: for the rule is to be enforced only where there is no other evidence to explain the description of the subject. Parol evidence is admissible to explain ah obvious ambiguity of expression, as to the description of the subject of a devise; a reference to the actual state of the facts is not construction, but explanation. And on this principle, parol evidence, shewing the situation or occupation of the land at any given time, has always been admitted. So whether parcel or not parcel of the subject devised. Coventry on Con. Ev. 30, 31. We are of the opinion that the decision of the Superior Court was correct, and that the judgment must be affirmed.
 

 Per Curiam. Judgment of the Superior Court affirmed.